**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARY GALARZA-PINTO,

        Plaintiff,

v.                                                                              Case No:   6:20-cv-2108-LRH

COMMISSIONER OF SOCIAL
SECURITY

        Defendant.

## MEMORANDUM OF DECISION[1]

Mary Galarza-Pinto ("Claimant") appeals the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for supplemental security income benefits ("SSI").  Doc. No. 1.  Claimant raises two arguments challenging the Commissioner's final decision, and, based on those arguments, requests that the matter be reversed for an award of benefits, or alternatively, remanded for further administrative proceedings.  Doc. No. 36, at 8, 21–22, 26.  The Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and that the final decision of the Commissioner should be affirmed.  *Id.* at 26–27.  For the reasons stated herein, the

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.  *See* Doc. Nos. 30–32.

final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## I. PROCEDURAL HISTORY.

On January 8, 2018, Claimant filed an application for SSI, alleging a disability onset date January 8, 2018. R. 15, 154.[2] Claimant's application was denied initially and on reconsideration, and she requested a hearing before an ALJ. R. 77–80, 81–86, 89–94. A hearing was held before the ALJ on December 3, 2019, at which Claimant was represented by an attorney. R. 30–48. Claimant and a vocational expert ("VE") testified at the hearing. *Id.*

After the hearing, the ALJ issued an unfavorable decision finding that Claimant was not disabled. R. 15–24. Claimant sought review of the ALJ's decision by the Appeals Council. R. 7–8, 150–51. On September 10, 2020, the Appeals Council denied the request for review. R. 1–6. Claimant now seeks review of the final decision of the Commissioner by this Court. Doc. No. 1.

---

[2] The "Application Summary for Supplemental Security Income" states that Claimant applied for SSI on January 10, 2018, but according to the ALJ's decision, Claimant filed the application for SSI on January 8, 2018. *Compare* R. 15, *with* R. 154. For consistency, and because the application date is not dispositive of this appeal, the Court utilizes the application date stated by the ALJ: January 8, 2018.

## II.    THE ALJ'S DECISION.[3]

After careful consideration of the entire record, the ALJ performed the five-step evaluation process as set forth in 20 C.F.R. § 416.920(a).  R. 15–24.[4]  The ALJ found that Claimant had not engaged in substantial gainful activity since January 8, 2018, the application date.  R. 17.  The ALJ further concluded that Claimant suffered from the following severe impairments:  diabetes, fibromyalgia, asthma, and obesity.  *Id.*[5]  The ALJ concluded that Claimant did not have an impairment

---

[3] Upon a review of the record, counsel for the parties have adequately stated the pertinent facts of record in the Joint Memorandum.  Doc. No. 36.  Accordingly, the Court adopts those facts included in the body of the Joint Memorandum by reference without restating them in entirety herein.

[4] An individual claiming Social Security disability benefits must prove that he or she is disabled.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).  "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled:  (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ('RFC') assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience."  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(i)–(v), 416.920(a)(i)–(v)).

[5] The ALJ concluded that claimant's history of right shoulder surgery with a mild right sensory neuropathy and left shoulder mild degenerative changes were not severe.  R. 17–18.  The ALJ further found that Claimant's depression was not a severe mental impairment.  R. 18.  However, the ALJ "considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity."  *Id.*

or combination of impairments that met or equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.   R. 19–20.

Based on a review of the record, the ALJ found that Claimant had the residual functional capacity ("RFC") to perform medium work as defined in the Social Security regulations,[6] except:   "The claimant can occasionally climb ladders, ropes, and scaffolds and frequently climb ramps and stairs.   She can tolerate occasional exposure to temperature extremes, humidity, and concentrated atmospheric pollutants."   R. 20.

After considering the record evidence, Claimant's RFC, and the testimony of the VE, the ALJ found that Claimant had no past relevant work.   R. 22.   However, considering Claimant's age, education, work experience, and RFC, as well as the testimony of the VE, the ALJ concluded that there were jobs existing in significant numbers in the national economy that Claimant could perform, in particular representative "medium skilled" occupations to include dining room attendant; hospital cleaner; and packager.   R. 23.   Accordingly, the ALJ concluded that Claimant was not disabled from the January 8, 2018 application date through the date of the decision.   R. 24.

---

[6] Pursuant to the Social Security regulations, "[m]edium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.   If someone can do medium work, [the SSA] determine[s] that he or she can also do medium, light, and sedentary work."   20 C.F.R. §§ 404.1567(c), 416.967(c).

## III. STANDARD OF REVIEW.

Because Claimant has exhausted her administrative remedies, the Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3). The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

**IV. ANALYSIS.**

In the Joint Memorandum, which the Court has reviewed, Claimant raises two assignments of error: (1) the ALJ's RFC determination was not supported by substantial evidence because the ALJ failed to adequately weigh the medical opinions of consultative examining psychologist Scott M. Kaplan, Psy.D; and (2) the ALJ erred in relying on the testimony of the VE after posing a hypothetical to the VE that did not accurately reflect Claimant's limitations. Doc. No. 36. Upon consideration, the first assignment of error is dispositive of this appeal.

The ALJ is tasked with assessing a claimant's RFC and ability to perform past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis*, 125 F.3d at 1440. In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the opinions of medical and non-medical sources. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).

Claimant filed her application for disability insurance benefits on January 8, 2018. R. 15, 154. Effective March 27, 2017, the Social Security Administration implemented new regulations related to the evaluation of medical opinions, which provide, in pertinent part, as follows:

> (a) How we consider medical opinions and prior administrative medical findings. We will not defer or give any specific evidentiary

weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources. When a medical source provides one or more medical opinions or prior administrative medical findings, we will consider those medical opinions or prior administrative medical findings from that medical source together using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate.[7] The most important factors we consider when we evaluate the persuasiveness of medical opinions and prior administrative medical findings are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section). We will articulate how we considered the medical opinions and prior administrative medical findings in your claim according to paragraph (b) of this section.

20 C.F.R. §§ 404.1520c(a), 416.920c(a). The regulations further state that because supportability and consistency are the most important factors under consideration, the Commissioner "will explain how [she] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [the] determination or decision." *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).[8]

---

[7] Subparagraph (c) provides that the factors to be considered include: (1) supportability; (2) consistency; (3) relationship with the claimant (which includes consideration of the length of treatment relationship; frequency of examination; purpose of treatment relationship; extent of treatment relationship; and examining relationship); (4) specialization; and (5) other factors that tend to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. §§ 404.1520c(c), 416.920c(c).

[8] "Supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Welch v. Comm'r of Soc. Sec.*, No. 6:20-cv-1256-DCI, 2021 WL 5163228, at *2 (M.D. Fla. Nov. 5, 2021) (footnote omitted) (citing 20 C.F.R. §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2)).

Pursuant to the new regulations, the Commissioner is not required to articulate how she "considered each medical opinion or prior administrative medical finding from one medical source individually." *Id.* §§ 404.1520c(b)(1), 416.920c(b)(1). "Courts have found that '[o]ther than articulating [her] consideration of the supportability and consistency factors, the Commissioner is not required to discuss or explain how [she] considered any other factor in determining persuasiveness.'" *Bell v. Comm'r of Soc. Sec.*, No. 6:20-cv-1923-DCI, 2021 WL 5163222, at *2 (M.D. Fla. Nov. 5, 2021) (quoting *Freyhagen v. Comm'r of Soc. Sec. Admin.*, No. 3:18-cv-1108-MCR, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019)). *See also Delaney v. Comm'r of Soc. Sec.*, No. 6:20-cv-2398-DCI, 2022 WL 61178, at *2 (M.D. Fla. Jan. 6, 2022) (noting that the ALJ may, but is not required to, explain how he or she considered the remaining factors besides supportability and consistency).

In this case, Claimant's argument centers on the ALJ's consideration of the medical opinions of Dr. Kaplan. Doc. No. 36, at 8–13. On February 21, 2018, Dr. Kaplan performed a general clinical evaluation with mental status examination of Claimant at the request of the Social Security Administration. R. 606–09 (Exhibit 3F). During the evaluation, Dr. Kaplan reviewed Claimant's statements, medical records, education, and histories regarding Claimant's behavior, substance abuse, work, and mental health. R. 607–08. Dr. Kaplan noted as follows regarding the examination:

Mental Status

[Claimant] is a 45-year-old female who was dressed appropriately at the time of the evaluation. She was oriented to person, place, time, and situation. Her speech processes were clear and logical and there was no evidence of any circumstantiality and/or pressured speech. Both her mood and affect were depressed. She presents with sleep and appetite disturbance, reduced energy level, crying spells, and occasional hopelessness and helplessness. She denies anhedonia. Her thought processes were logical, sequential and organized, and there was no evidence of any hallucinations, delusions, and/or illusions. Suicidal and homicidal ideation was absent. Her concentration and memory functioning were variable. This was assessed by administering Digit Span. She was able to recall six digits forward and three digits backwards. Her gross and fine motor coordination were relatively intact. She was cooperative with the testing and the enclosed information is believed to be a valid reflection of her present clinical condition.

Capability

Should [Claimant] be eligible for disability payments, she is considered competent to manage her own funds.

R. 608. Then, Dr. Kaplan stated as follows:

Based on the present test results, [Claimant] does present with a positive mental health history. She denies any inpatient psychiatric hospitalizations but reports outpatient mental health treatment in 2016. She began experiencing depression in 1998 due to her living conditions and currently reports depression due to her medical condition. She has been placed on psychotropic medications in the past with minimal benefit but discontinued usage due to adverse side effects. Psychotropic medication and individual psychotherapy are recommended. Her prognosis is guarded. Based on the present findings, *she is likely to experience mild impairment understanding one and two step tasks, and moderate impairment adapting, getting along in social settings, and understanding complex tasks*.

R. 608–09 (emphasis added). Dr. Kaplan diagnosed Claimant with persistent depressive disorder based on both Claimant's self-report as well as clinical observations. R. 609.

In the decision, the ALJ does not address Dr. Kaplan's medical opinions in any detail. *See* R. 15–24.[9] Specifically, in her discussion of whether Claimant's mental impairments are severe, the ALJ summarized Dr. Kaplan's evaluation as follows:

> [Claimant] also underwent a consultative psychological examination on February 21, 2018, which likewise revealed few clinical deficits. She related she lives with her husband and children. She provided she has friends she sees on a regular basis and attends church regularly. She has a driver's license and drove herself to the interview. She reported she attained an Associate's Degree in business. She reported she is depressed over her medical condition and has poor sleep, reduced energy and occasional helplessness/hopelessness. She has no current treatment or medications. Dr. Scott Kaplan observed she was fully oriented to person, place, time, and situation. Speech processes were clear and logical. Thought processes were logical and organized with no evidence of hallucinations or delusions. She reported her mood as depressed and anxious. She denied suicidal ideation. Concentration and memory were adequate. She was

---

[9] Pursuant to the new regulations, a "medical opinion" is defined as "a statement from a medical source about what [the claimant] can still do despite [his/her] impairments(s)" and whether the claimant has any functional limitations or restrictions regarding certain enumerated abilities. 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). A "medical opinion" includes a claimant's "ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting." *Id.* §§ 404.1513(a)(2)(i)(B), 416.913(a)(2)(i)(B). The Commissioner does not dispute that Dr. Kaplan rendered medical opinions in this case. *See* Doc. No. 36.

considered competent to manage her own funds and assessed with a depressive disorder.

R. 18. In finding that Claimant has mild limitation in understanding, remembering, or applying information, the ALJ further noted that "mental status exam revealed her memory and concentration were adequate." *Id.* The ALJ further stated that "[t]here has been no mental treatment during the alleged period of disability and no medications," and that Dr. Kaplan "determined [Claimant] was competent to manage her own funds." *Id.*

However, in the RFC determination, the ALJ only mentions Dr. Kaplan's examination and opinions as follows:

> The undersigned considered and finds the opinions of the State agency medical and psychological consultants (Ex. 3A) are persuasive as they are consistent with the overall record. The clamant [*sic*] has had no mental health treatment throughout the alleged period of disability with mental status showing no signs of depression or anxiety. *A consultative examiner's objective assessment did not indicate a significant reduction in mental functioning.* (Ex. 1F, *3F*, 5F, 8F, 10F-12F) In addition, physical examinations performed by her primary care providers revealed few clinical deficits. She was non-compliant with treatment for diabetes. In addition, the opinion is consistent with the lack of clinical deficits noted on exam by the consultative examiner. (Ex. 1F, 4F, 5F, 8F, 10F-12F)
>
> Based on the foregoing, the undersigned finds the claimant has the above residual functional capacity assessment, *which is supported by the opinions of the State agency medical and psychological consultants (3A) and by the findings (or lack thereof) of the consultative examiners (Ex. 3F, 4F).* The claimant had no mental health treatment. She received only normal routine care for her physical complaints with the records of her primary care provider revealing she was non-compliant with

treatment for diabetes. She had remained independent in activities of daily living.

R. 22 (emphasis added).

In the joint memorandum, Claimant contends that the ALJ failed to indicate the weight assigned to Dr. Kaplan's opinions, or note how the limitations to which Dr. Kaplan opined were factored into the RFC determination. Doc. No. 36, at 12. Thus, according to Claimant, it is impossible to determine whether the ALJ's decision is supported by substantial evidence. *Id.* In response, the Commissioner provides a lengthy recitation of the social security regulations, and thereafter argues that the ALJ sufficiently evaluated Dr. Kaplan's opinions in the decision and sufficiently articulated grounds for discounting the opinion, if the Court looks to the ALJ's decision as a whole *Id.* at 13–21.

On review, Claimant's argument is more persuasive on the facts of this case, and the Court finds that the ALJ's decision falls short of providing a sufficient rationale for rejecting Dr. Kaplan's medical opinions, which thus precludes the Court from determining whether the ALJ's decision was supported by substantial evidence.[10]

---

[10] Because Claimant only challenges the ALJ's consideration of Dr. Kaplan's opinions, the undersigned does not address the ALJ's consideration of the other opinions of record.

Specifically, although the ALJ was not required to provide a detailed explanation as to her consideration of Dr. Kaplan's statements in Exhibits 3F, the ALJ was required to consider the supportability and consistency of Dr. Kaplan's medical opinions in accordance with 20 C.F.R. § 416.920c.  And while the decision includes a recap of some of Dr. Kaplan's examination findings, *see* R. 18, besides isolated statements that "[a] consultative examiner's objective assessment did not indicate a significant reduction in mental function," and that the RFC determination was supported "by the findings (or lack thereof) of the consultative examiners," the ALJ makes no further comment regarding Dr. Kaplan's opinions, much less to discuss the supportability or consistency of those opinions, or how the limitations to which Dr. Kaplan opined[11] did or did not factor into the RFC determination.  Thus, in the undersigned's view, the ALJ reversibly erred.  *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2) (obligating the Commissioner to "explain how [she] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [the] decision").  *See also Brown v. Comm'r of Soc. Sec.*, No. 6:20-cv-840-GJK, 2021 WL 2917562, at *4 (M.D. Fla. July 12, 2021) (reversing decision under the new regulations where the ALJ did not address the supportability and consistency of opinions from two medical sources);

---

[11] Specifically, Dr. Kaplan's opinions that Claimant "is likely to experience mild impairment understanding one and two step tasks, and moderate impairment adapting, getting along in social settings, and understanding complex tasks."  *See* R. 608–09.

*Pierson v. Comm'r of Soc. Sec.*, No. 6:19-cv-01515-RBD-DCI, 2020 WL 1957597, at *4 (M.D. Fla. Apr. 8, 2020) (finding the ALJ's conclusory statement that there was no support in record for physician's opinion insufficient under the new regulations to support the ALJ's decision to reject physician testimony), *report and recommendation adopted*, 2020 WL 1955341 (M.D. Fla. Apr. 23, 2020).

Although the undersigned agrees with the Commissioner that the ALJ's decision must be considered in entirety, here, however, the Commissioner essentially wishes to engage in a *post hoc* rationalization of the ALJ's conclusions. *See* Doc. No. 36, at 19–21. "[T]he undersigned will not rely on the Commissioner's post-hoc arguments" because "[t]o do so would necessarily require the undersigned to reweigh the evidence." *See Pierson*, 2020 WL 1957597, at *6 ("[T]he new regulations require an explanation, even if the ALJ (and the Commissioner) believe an explanation is superfluous."). *See also Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (citation and internal quotation marks omitted) ("[W]hen the ALJ fails to state with sufficient clarity the grounds for his evidentiary decisions, we will not affirm simply because some rationale might have supported the ALJ's conclusion, and instead remand for further findings at the administrative hearing level.").

For these reasons, Claimant's first assignment of error is well taken. Because the first assignment of error is dispositive of this appeal, the Court need not address

Claimant's remaining argument: that because the RFC determination was not supported by substantial evidence, the ALJ erred in relying on the testimony of the VE after posing a hypothetical to the VE that did not adequately reflect Claimant's limitations. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (no need to analyze other issues when case must be reversed due to other dispositive errors).[12]

As a final matter, Claimant "requests that the decision of the Commissioner be reversed, and Disability Insurance benefits be granted to the Plaintiff under the Social Security Act, or, in the alternative, the case be remanded to the Commissioner for further consideration and appropriate application of the law." Doc. No. 36, at 26. Claimant provides no further argument or authority in support. *See id.*

---

[12] Even if the Court were to consider the issue, the Court notes that because it is unable to determine whether the RFC determination is supported by substantial evidence based on the ALJ's failure to adequately consider the opinions of Dr. Kaplan, the Court is likewise unable to determine that the hypothetical to the VE adequately reflected all of Claimant's limitations. *See, e.g.*, *Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011) (assessment of medical evidence and medical opinions is particularly important at step five of the sequential evaluation process "because the RFC articulated by the ALJ will be used by the vocational expert to assess the claimant's ability to perform work" and for the VE's testimony to constitute substantial evidence, the ALJ's hypothetical questions to the VE "must accurately portray a claimant's physical and mental impairments"). However, in remanding this matter for further administrative proceedings, the Court is not suggesting that the ALJ reach any particular conclusion. Instead, remand is necessary so that the ALJ can properly address the medical opinions and other evidence of record, regardless of the conclusion ultimately reached.

A reversal for an award of benefits is only appropriate where the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt, *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993), or where the claimant has suffered an injustice, *see Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982). Here, neither the reasons necessitating reversal nor the record establish that Claimant is disabled beyond a doubt, nor has Claimant made any argument that she has suffered an injustice. Accordingly, the Court rejects Claimant's request to remand the case for an award of benefits, and, instead, will remand the matter for further proceedings.

**V.   CONCLUSION.**

Based on the foregoing, it is **ORDERED** that:

1. The Commissioner's final decision is **REVERSED and REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).
2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Claimant and against the Commissioner, and thereafter, to **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on January 31, 2022.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record